

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

Signed February 04, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELVIN GENE MORRIS, III and | § | CASE NO. 09-50082-RLJ-7 |
| TRACIE LEIGH MORRIS, | § | |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| RAKESH SHAH and | § | |
| SHILPA SHAH, | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-05010 |
| | § | |
| MELVIN GENE MORRIS, III and | § | |
| TRACIE LEIGH MORRIS, | § | |
| | § | |
| DEFENDANTS. | § | |

### MEMORANDUM OPINION AND ORDER

The Court considers the motion for summary judgment filed by the defendants (and debtors in the underlying bankruptcy case), Melvin Morris and his wife, Tracie Morris. [Dkt #31].

Mr. and Mrs. Morris filed a voluntary Chapter 7 petition with this Court on March 2, 2009.

Creditors Dr. Rakesh and Shilpa Shah subsequently filed an adversary complaint objecting to the dischargeability of debt owed them by the Morrises. [Dkt #1]. The Morrises contend the discovery process in the adversary proceeding has yielded no evidentiary basis for the Shahs' objection to dischargeability and therefore ask the Court to enter summary judgment in their favor. Hearing on the summary judgment was held on January 18, 2011.

Upon consideration of the pleadings, the summary judgment evidence, and the arguments of counsel, the Court finds the motion should be granted in part and denied in part.

BACKGROUND

The Shahs entered into an agreement with Melvin Morris (sometimes "Morris") for the design and construction of a backyard swimming pool and other outdoor improvements to their home. In return for his services, the Shahs agreed to pay Morris $167,644.28. The Shahs paid Morris some money up front and then incrementally as time went on. The construction project did not go as planned, and the Shahs quit making payments as they were dissatisfied with Morris's work. Morris quit working at some point after the Shahs stopped paying.

The Shahs claim damages of at least $200,000 as a result of this failed construction project. Complaint ¶ 16. By this action, the Shahs claim the debt should be excepted from discharge under Code §§ 523(a)(2)(A), (a)(4), and (a)(6).

DISCUSSION

*1. Summary Judgment Standard*

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show there is no genuine issue of material fact and that the moving party is entitled to a judgment

as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex,* 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

2. Section 523(a)(2)(A)

The Morrises first assert that the Shahs have no evidence of the essential elements required to be established to bar discharge of a debt under § 523(a)(2)(A). In pertinent part, this provision provides that an individual is not discharged from any debt for money, property, or services, to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." *See* 11 U.S.C. § 523(a)(2)(A).

The Shahs respond that they have demonstrated a genuine issue of fact by showing that Morris lured the Shahs away from a competent builder by representing himself as qualified when in fact he was not. *See* Plaintiff's Brief in Support of Response to Summary Judgment ¶ 6. They also assert that Morris made "promises and representations" throughout the course of dealing to

entice the Shahs to continue advancing him money. *Id.* ¶ 31. Finally, the Shahs contend they have met their burden with evidence showing that Morris was in such dire financial condition at the time he entered into the contract that he was in no position to take-on the Shahs' project. *Id.* ¶ 55. In short, their theory is that Morris sought a deal with the Shahs as a means to generate cash to pay other creditors, while at the same time knowing he would not be able to complete the project as bid. *See id.* ¶ 60.

For a debt to be nondischargeable under the discharge exception for debts obtained by false pretenses, a false representation, or actual fraud, the creditor must show by a preponderance of the evidence that (1) the debtor made a representation, (2) the debtor knew the representation was false, (3) the representation was made with the intent to deceive the creditor, (4) the creditor actually and justifiably relied on the representation, and (5) the creditor sustained a loss as a proximate result of its reliance. *See In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005). The terms "false pretenses," "false representation," and "actual fraud," as used in the dischargeability exception, have acquired the meaning of terms of art and are common law terms. *See In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001). A misrepresentation need not be spoken; it can arise from conduct. *See id.*

The Court recognizes that proving a claim under this provision is a factually intense exercise. First, with respect to Tracie Morris, there is no summary judgment evidence that she was part of any alleged fraud, false representation, or false pretenses. Summary judgment will be granted on the § 523(a)(2)(A) claim against Tracie Morris. With respect to Melvin Morris, however, the Court is of the opinion that this cause of action must proceed to trial. Upon reviewing the pleadings and the summary judgment evidence, and having drawn reasonable

inferences in the light most favorable to the Shahs, the Court is satisfied that the Shahs have demonstrated the existence of a genuine issue of fact; therefore, the Morrises' motion for summary judgment on the Shahs' § 523(a)(2)(A) claim against Melvin Morris is denied.

*3. Section 523(a)(4)*

The next theory raised by the Shahs' complaint is that their debt is nondischargeable under § 523(a)(4), which excepts from discharge debts incurred "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." 11 U.S.C. § 523(a)(4). In their motion for summary judgment, the Morrises contend the Shahs have no evidence to support the basic elements of § 523(a)(4)—a fiduciary relationship, a trust, embezzlement, or larceny. The Court agrees.

Although counsel for the Shahs argued there should be, under state law, a fiduciary relationship between homeowners and hired contractors, he provided no authority for such proposition. Regardless, the "definition of 'fiduciary' under § 523(a)(4) is controlled by federal common law rather than Texas aw . . . ." *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998). The finding of a fiduciary under federal law requires the existence of an express or technical trust. *Id*. There is no evidence of a trust here. Both larceny and embezzlement, the alternative § 523(a)(4) grounds, require the appropriation of another's property by the debtor. *See id*. The evidence on this point is deficient.

The Shahs have not pointed the Court to any summary judgment evidence of a trust or fiduciary relationship, larceny, or embezzlement. Accordingly, the Court grants summary judgment in favor of the Morrises on this cause of action.

*4. Section 523(a)(6)*

Finally, the Morrises claim the Shahs have failed to present any evidence to support their § 523(a)(6) claim. Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6).

The Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), construing § 523 (a)(6), held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional act that leads to injury." *Id.* at 61. The Fifth Circuit has, post-*Kawaauhau*, explained that "malicious" is defined as an act done with the actual intent to cause injury. *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005), citing *Miller*, 156 F.3d at 606. Such intent is met by a showing of "either objective substantial certainty [of injury] or a subjective motive [to injure] . . . ." *Id*. Its definition of malicious is synonymous with the *Kawaauhau* standard for "willful," thereby aggregating "willful and malicious" into a unitary concept. *Id*. Accordingly, willful and malicious injury is one in which there is "either an objective substantial certainty of harm or a subjective motive to cause harm." *Id*.

The Supreme Court has made it clear that intentional torts generally require that the actor intend the consequences of the act, not simply the act itself. *Kawaauhau*, 523 U.S. at 61. A knowing breach of contract does not meet the standard. *See id.* at 62. Placing the allegations here within the context of a § 523(a)(6) claim requires the Court to make multi-layered inferences before it even reaches the point of concluding that a fact issue exists with respect to whether Morris intended to injure the Shahs. It is the Court's view that such analysis is "incompatible with

the 'well-known' guide that exceptions to discharge 'should be confined to those plainly expressed.'" *Id.*

The Shahs point to the case of *In re Kelly*, 385 B.R. 877 (Bankr.S.D. Tex. 2008) to support their argument, which is understandable as *Kelly* concerns a strikingly similar factual scenario—a construction project ( a pool with other amenities) that went awry—and § 523(a)(4) and (a)(6) claims made by the homeowner against the debtor-contractor. The court in *Kelly* found the debts there to be nondischargeable under § 523(a)(6) or arising from a willful and malicious injury caused by the debtor to the homeowner. The evidence there, however, revealed that the debtor made several blatant misrepresentations to the homeowners; that lien releases had likely been forged; that the debtor was wholly uncooperative; that he failed to submit any documentary evidence in support of his defense; and that, as a witness, the debtor was "self-serving, evasive, and inconsistent." *Id.* at 882. The court further found that at the same time the debtor was not paying subcontractors, he was misrepresenting to the homeowners that all subcontractors had been paid in full and that he would furnish them with releases of liens to that effect. *Id.* at 883. In addition, the court concluded that shortly after the debtor received a $40,000 payment, he had no intention of completing the construction project. The Shahs have not pointed this Court to acts of such an egregious nature as exists in *Kelly*. In addition, to the extent the Court's construction of § 523(a)(6) differs with that of the *Kelly* court, the Court respectfully disagrees with the *Kelly* court.

The summary evidence presents no facts from which to infer that Morris *intended* to injure the Shahs or their property. The motion for summary judgment is granted on the Shahs' § 523(a)(6) claim.

CONCLUSION AND ORDER

For the foregoing reasons, the Court holds that the motion for summary judgment shall be granted as to the § 523(a)(4) and (a)(6) claims and to the 523(a)(2)(A) claim against Tracie Morris, and denied as to the § 523(a)(2)(A) claim against Melvin Morris.

It is so ORDERED.

### End of Memorandum Opinion and Order ###